UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-23093-CIV-SEITZ/O'SULLIVAN

HENCY TRANSPORTATION, INC.,

    Plaintiff,

v.

RUBEN PONCE d/b/a RUBEN PONCE
CUSTOMS BROKERS,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Plaintiff's Motion for Attorney's Fees and Costs (DE # 54, 9/30/09) and in accordance with a referral by the Honorable Patricia A. Seitz, United States District Judge pursuant to 28 U.S.C. § 636(b). The parties consented to the undersigned having final disposition on fees and costs on January 27, 2009. (See, DE #9, Exhibit A, Election to Jurisdiction by a United States Magistrate Jude for Final Disposition of Motions, checking off Motions for Costs and Motions for Attorney's Fees). Accordingly, having reviewed the applicable filings and law, and having held a hearing in this matter, as more fully discussed below the Plaintiff's Motion for Attorney's Fees and Costs (DE # 54, 9/30/09) is DENIED.

## BACKGROUND

The plaintiff filed their Amended Complaint on February 3, 2009, (DE # 12). The Amended Complaint contains a request for attorney's fees and costs. On August 25, 2009, the Court issued an Order granting in part the plaintiff's Motion for Summary Judgment on Count I, the oral contract (DE # 50). On September 15, 2009, the Court

issued an Order granting Final Judgment in favor or the plaintiff against the defendant (DE # 52) and entered a Final Judgment in favor of the plaintiff against the defendant (DE # 53).  On September 30, 2009, the plaintiff filed the instant motion (DE # 54), the defendant filed a response on October 14, 2009, (DE # 56), and the plaintiff filed a reply on October 19, 2009, (DE # 57).  The plaintiff is seeking fees and costs pursuant to a written credit arrangement that was submitted in January 2008, and approved on June 16, 2008.

## ANALYSIS

The plaintiff seeks fees as the prevailing party in this matter.  As discussed below, the plaintiff has failed to show a basis for shifting attorneys fees in this case and is not entitled to recover attorney's fees and costs in the case at bar.

In the present case, the plaintiff alleged that the parties had an oral agreement entered into in October 2007, "whereby Defendant would arrange to have Plaintiff provide freight forwarding services to Defendant's customers (the "Agreement")". (Complaint, p. 2 at para. 11).  "Under the Agreement, Defendant was to pay for the Services rendered by the Plaintiff."  (Complaint, p. 3 at para. 16).  "Defendant's obligation to pay for the Services rendered by Plaintiff was not contingent upon payment by the customers."  (Complaint, p. 3 at para. 17).  As noted above, the payment arrangements were pursuant to an oral agreement.  On June 16, 2008, via letter, a written credit agreement was entered between the parties requiring payment by the defendant to the plaintiff for the costs of collection if the freight and charges were not paid at the time due.  This credit agreement provided for reasonable attorney's fees

and expenses. The plaintiff argues that it is entitled to recover the fees and costs associated with this action because there was an oral agreement between the parties in place beginning in October 2007, which was simply reduced to writing in 2008. The 2008 written agreement allows for attorney's fees. In support of its argument, the plaintiff cites to testimony by the defendant in which the defendant indicates that the arrangement between the parties was customary in the industry.

The defendant argues that there were two separate and distinct contracts in this case. The first contract was oral and the basis of the Amended Complaint. The second contract, that provided for fees, was written, and not the basis for the Amended Complaint. The defendant further argues that the oral contract does not allow for fees, even though the Amended Complaint contains a request for fees. "It is well settled that 'the intent to provide for counsel fees as damages for breach of contract must be 'unmistakably clear' in the language of the contract.'" GEM Advisors, Inc. v. Corporacion Sidenor, S.A., 2009 WL 3459187, *16 (S.D.N.Y. 2009) (quoting Bridgestone/Firestone Inc. v. Recovery Credit Servs., Inc., 98 F.3d 13, 20-21 (2d Cir.1996) (citing Hooper Assocs. v. AGS Computers, Inc., 74 N.Y.2d 487, 492, 549 N.Y.S.2d 365, 548 N.E.2d 903 (1989)).

In the present case, the oral contract was the basis for the granting of the summary judgment in favor of the plaintiff by the district court. The plaintiff can only recover for fees associated with the contract alleged in Count I. Harbaugh v. Greslin, 365 F. Supp. 2d 1274, 1280 (S.D. Fla. 2005). The plaintiff has the burden of establishing entitlement to an attorney fee award. ACLU v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999). The plaintiff has failed to provide sufficient evidence to prove that

attorney's fees and costs were provided for in the oral contract between the parties.

In accordance with the foregoing, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion for Attorney's Fees and Costs (DE # 54, 9/30/09) is **DENIED.**

DONE AND ORDERED, in Chambers, at Miami, Florida this 11th day of February, 2010.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
U.S. District Judge Seitz
All counsel of record